## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTOPHER P. SPELTA                    *
11574 Wynadote Road
Lusby, Maryland 20657                    *

     PLAINTIFF,                         *

vs.                                      *        CIVIL ACTION NO. 20-1164

MARK W. BAKKER                           *
138 Willard Road
Unit C                                   *
Chantilly, Virginia 20151
                                         *
     DEFENDANT
*       *       *       *       *       *       *       *       *       *       *       *       *

## DEFENDANT'S COUNTERCOMPLAINT
## WITH JURY DEMAND

Now comes the Defendant/Counter-Plaintiff, by and through his attorney, Lawrence S. Greenberg of the Greenberg Law Office, and for his causes of action against the Plaintiff/Counter-Defendant, Christopher P. Spelta, hereby states as follows:

## NATURE OF THIS ACTION

This is a counterclaim lawsuit for civil damages for negligence, assault, battery, abuse of process, malicious process, defamation, fraud, deceit and for punitive damages.

## PARTIES, JURISDICTION AND VENUE

1.      That the Plaintiff/Counter-Defendant, Christopher P. Spelta ("Spelta"), is a United States citizen, a resident of the State of Maryland.

2.      That Defendant/Counter-Plaintiff, Mark W. Bakker ("Bakker"), is a United States citizen, a resident of the State of Virginia.

3.      That the incident occurred in Calvert County, Maryland.

4.      Defendant/Counter-Plaintiff, by counsel, pursuant to 28 USCA § 1441, removed the above action from the Circuit Court for Calvert County based on diversity of citizenship.

5.      That the jurisdiction of this Court is based on the diversity of citizenship, 28 U.S.C., Section 1332, with venue in this Court pursuant to 28 U.S.C. Section 1391. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS IN SUPPORT OF ALL COUNTS

6.      The Plaintiff hereby reiterates and incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

7.      That on or about May 25, 2019, Bakker was a guest at 14264 S. Solomons Island Rd., Calvert County, Maryland 20688.

8.      That based on information and belief, Spelta went with two females to the same location, uninvited.

9.      That upon arriving at the scene, Spelta and his friends became verbally aggressive with Bakker and others at the location.

10.     That Spelta and his friends appeared to be visibly intoxicated.

11.     That Spelta, during a verbal altercation, punched Bakker on his face and body.

12.     Bakker did not consent to Spelta's abuse, assault or battery.

13.     That Spelta did not report any incident to the police until May 29, 2019, and an Application for Statement of Charges was filed June 13, 2019.

14.     That the State of Maryland is also pursuing charges against Spelta for his attack on Bakker.

15.     That Bakker was seriously injured as a result of Spelta's assault and battery.

16.     That on or before January 29, 2020, Spelta filed suit against Bakker in the Circuit Court for Calvert County over the alleged incident.

17.     Since the incident, Spelta has defamed Bakker both verbally and in writing with the intent of damaging Bakker's good reputation.

## COUNT I – MALICIOUS PROSECUTION

18.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

19.     That Defendant, Spelta, instituted and attempted to continue criminal proceedings against the Plaintiff, Bakker by swearing out charges under oath before a Commissioner.

20.     That Defendant, Spelta, instituted a civil lawsuit against the Plaintiff, Bakker.

21.     That Defendant lacked probable cause to believe that Plaintiff had initiated a fight and assaulted him without provocation.

22.     That Defendant acted with malice and ulterior motive in bringing criminal and civil charges against Plaintiff.

23.     That Defendant additionally knew the information regarding Plaintiff, Bakker, that formed the basis of the Statement of Charges and the civil Complaint against Plaintiff was false, inaccurate and/or incomplete and intentionally withheld the truth to initiate a false prosecution of Plaintiff, Bakker.

24.     Defendant's actions/omissions were conducted with malice and ill will toward Plaintiff, Bakker.

25.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

26.      As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct, and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT II- ABUSE OF PROCESS

27.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

28.     That Defendant caused to have process issued against Plaintiff, in the form of an arrest warrant and criminal charges to answer to the State of Maryland for the alleged criminal act.

29.     That Defendant willfully used process after issuance in a manner not contemplated by law, i.e., to sue the Plaintiff for money damages without cause.

30.     That Defendant willfully used process after issuance in a manner not contemplated by law.

31.     That Defendant acted with malice in bringing criminal charges against Plaintiff.

4

32.     That Defendant acted with an ulterior motive in bringing criminal charges against Plaintiff.

33.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

34.      As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct, and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT III - DEFAMATION

35.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

36.     That Defendant made defamatory statements against Plaintiff, Bakker, in swearing out criminal charges against Plaintiff, Bakker, and alleging that Plaintiff, Bakker, committed crimes.

37.     That Defendant made defamatory statements against Plaintiff in telephoning third parties and sending emails about Plaintiff being a criminal.

38.     That Defendant's statements were transmitted to Plaintiff's family and friends which caused great embarrassment and besmirched Plaintiff's reputation in the community.

39.     That the statements made by the Defendant were false.

40.     That the Defendant had actual knowledge that the statements they made were false.

41.     That Defendant acted with malice and ulterior motive in bringing criminal charges against Plaintiff.

42.     That the Defendant was at fault in communicating the statement.

43.     That the Defendant's statements exposed Plaintiff to public scorn, contempt and/or ridicule and directly affected Plaintiff's community reputation.

44.     That Plaintiff suffered damages as a direct and proximate result of Defendant's actions.

45.     Defendant's actions and/or omissions were conducted with malice and ill will toward Plaintiff, Bakker.

46.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

47.      As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's

outrageous conduct, and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

### COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

49.     That the Defendant's physical conduct and in swearing out criminal charges was intentional and/or reckless.

50.     That the Defendant's conduct, both physically assaulting and battering Bakker and in intentionally and/or recklessly swearing out criminal charges and having an arrest warrant and criminal charges issued for Plaintiff was extreme and outrageous.

51.     That Defendant acted with malice and ulterior motive in bringing criminal charges against Plaintiff.

52.     That the Defendant's physical conduct and of intentionally and/or recklessly swearing out criminal charges and having an arrest warrant and criminal charges issued for Plaintiff caused emotional distress to the Plaintiff.

53.     That the emotional distress caused to Plaintiff by Defendant's physical conduct and of swearing out criminal charges and having an arrest warrant issued was severe.

54.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

55.      As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct, and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT V - FRAUD/DECEIT

56.      Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

57.      Defendant made a false representation of material fact to multiple parties, including, but not limited to, the police, court Commissioner and the Office of the State's Attorney for Calvert County, through his agent, about the Plaintiff.

58.      Defendant knew of its falsity or made it with such reckless indifference to the truth that it would be reasonable to charge the Defendant with knowledge of its falsity.

59.      Defendant intended that Plaintiff would act in reliance on such statements.

60.      Plaintiff did justifiably rely on the representations of Defendant.

61.      Defendant's actions and/or omissions were conducted with malice and ill will toward Plaintiff, Bakker.

8

62.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

63.     As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct, and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT VI - NEGLIGENCE

64.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

65.     Defendant had a duty to exercise ordinary and reasonable care in communicating with the Plaintiff.

66.     Defendant had a duty to exercise ordinary and reasonable care in the conduct of his business and statements and representations to the Calvert County Police, Commissioner and State's Attorney's Office with regard to the events complained of in this Complaint.

67.     Said duty of ordinary care with the Plaintiff included not injuring the Plaintiff.

68.     Said duty of ordinary care with other entities included the responsibility and obligation to truthfully, fully, and accurately describe the alleged events and known identities of the persons alleged to be involved.

69.     That Defendant breached his duty of ordinary reasonable care in that he injured the Plaintiff without justification or consent.

70.     That Defendant breached his duty of ordinary reasonable care in with other entities in that he either lied, misrepresented, and/or negligently indicated that Plaintiff, Bakker, initiated the fight complained of in this Complaint.

71.     That Defendant further breached his ordinary duty and/or reasonable care in intentionally and/or negligently identifying Plaintiff, Bakker, as the instigator of the fight in the alleged event(s) complained of in this Complaint.

72.     That had Defendant exercised ordinary and reasonable care, he knew or should have known that Plaintiff, Bakker, was not involved in the alleged event and breached the same duty of ordinary care by Defendant's misrepresentations to the Commissioner and State's Attorney's Office regarding Plaintiff, Bakker.

73.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

74.     As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the

physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT VII - GROSS NEGLIGENCE

75.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

76.     Defendant acted with a wanton and reckless disregard for Plaintiff's health and rights.

77.     Defendant intentionally failed to perform his duties, causing Plaintiff to be falsely charged and maliciously prosecuted.

78.     Defendant's conduct demonstrated a thoughtless disregard of the consequences of his actions and she showed no effort to avoid these consequences.

79.     Defendant's conduct demonstrated an indifference to Plaintiff's health and civil rights to the point where they acted as if such rights did not exist.

80.     Defendant intentionally inflicted injuries on Plaintiff through his wrongful conduct.

81.     As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

82.     That the Defendant's conduct directly and proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

83.     As a result of the Defendant false allegations in the Application for Statement of Charges and civil lawsuit, Plaintiff suffered damages, including, but not limited to, severe emotional and physical distress and sickness, stomach irregularities, tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct and will cause Plaintiff to make several trips to court in defending the criminal and civil actions incurring travel expenses and great inconvenience.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## COUNT VIII – ASSAULT

84.     Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

85.     Defendant did assault the Plaintiff and inflict physical contact, pain, and/or injury upon the Plaintiff.

86.     Plaintiff did not consent to this purposeful touching.

87.     Defendant maliciously and intentionally committed the said tortious acts.

88.     The acts alleged herein were intentionally performed, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the Plaintiff. That the Defendant's conduct directly and

proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action

and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

89.     As a result of the Defendant's conduct, Plaintiff suffered damages, including, but

not limited to, severe emotional and physical distress and sickness, stomach irregularities,

tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset,

humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and

prescription medication for the physical and emotional symptoms that she suffered as a direct

and proximate result of Defendant's outrageous conduct.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief

against Defendant as set forth in the Prayer for Relief.

## COUNT IX - BATTERY

90.     Plaintiff adopts and incorporates by reference each and every allegation

contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

91.     Defendant did inflict physical contact, pain, and/or injury upon the Plaintiff.

92.     Plaintiff did not consent to this purposeful touching.

93.     Defendant maliciously and intentionally committed the said tortious acts.

94.     The acts alleged herein were intentionally performed, without legal justification

or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to

deliberately and willfully injure the Plaintiff. That the Defendant's conduct directly and

proximately caused Plaintiff damages in attorneys' fees to defend the criminal and civil action

and caused Plaintiff to lose jobs and income as a result of the criminal and civil litigation.

95.     As a result of the Defendant's conduct, Plaintiff suffered damages, including, but

not limited to, severe emotional and physical distress and sickness, stomach irregularities,

tension, tension headaches, great embarrassment, caused Plaintiff to be scared, nervous, upset, humiliated, caused Plaintiff to seek medical assistance and incur medical bills for treatment and prescription medication for the physical and emotional symptoms that she suffered as a direct and proximate result of Defendant's outrageous conduct.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

## <u>COUNT X – PUNITIVE DAMAGES</u>

96.     The Plaintiff hereby reiterates and incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

97.     That Spelta was guilty of reckless, willful, wanton acts and omissions, which evidence a total and conscious disregard for the safety of Bakker and which justifies an award of punitive damages and/or exemplary damages.

WHEREFORE, Plaintiff demands a monetary judgment, equitable relief, and other relief against Defendant as set forth in the Prayer for Relief.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff demands that:

(A) judgment be entered in Plaintiff's favor against the Defendant for compensatory damages in the amount of Seven Hundred Thousand Dollars ($700,000);

(B) judgment be entered in Plaintiff's favor against the Defendant for punitive damages in the amount of One Million Dollars ($1,000,000);

(C) Plaintiff be awarded the costs of this action, interest, attorneys' fees, and expert witness fees;

(D) such other further relief as this Court deems just and appropriate.

Respectfully submitted,


GREENBERG LAW OFFICE



_____/s/_____
LAWRENCE S. GREENBERG
6 E. Biddle Street
Baltimore, Maryland 21202
410-539-5250
410-625-7891 (fax)
Larry@greenberglawyers.com
Attorney for the Defendant/Counter-Plaintiff
Federal Bar #23642



## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Mark W. Bakker, by and through his attorneys, Lawrence S. Greenberg and the Greenberg Law Office, and Demands a Trial by Jury pursuant to Maryland Rule 2-325.


_____/s/_____
LAWRENCE S. GREENBERG