IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER P. SPELTA      :

                       :

   v.      :   Civil Action No. DKC 20-1164

                       :

MARK W. BAKKER      :

                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this diversity tort action is the Motion to Remand filed by Plaintiff, Christopher P. Spelta. (ECF No. 12). No hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted and the case remanded to the Circuit Court for Calvert County.

**I.   Background**

On January 29, 2020, Plaintiff filed this action in the Circuit Court for Calvert County against Defendant Mark W. Bakker for state law torts arising from an incident on May 25, 2019. According to Plaintiff, Defendant was served on March 26, 2020, but did not remove until May 6, 2020. In the notice of removal, Defendant recited that the summons and complaint were served on him on April 2, 2020. (ECF No. 1, at 1). The notice also states that, on April 27, Plaintiff's counsel extended the response pleading date to June 1, 2020. Plaintiff filed a motion to remand on May 21, 2020, contending that the removal notice was untimely

and that another party may be named and served, destroying diversity jurisdiction.

In his response to the motion to remand, Defendant asserts that counsel was retained on April 16, that counsel sent an email to counsel for Plaintiff the same day, stating that he would accept service and requesting that a copy of the complaint be emailed to him. He further requested that, in light of Covid-19 and the state of the courts, Plaintiff consent to allow until June 10, 2020 to respond to the complaint. When he had not received a response by April 21, counsel for Defendant again emailed Plaintiff's counsel. On April 27, Plaintiff's counsel responded, reciting that Defendant had been served on March 26 pursuant to court order,[1] and agreeing, conditionally, to extend until June 1 the time to respond if discovery responses were provided at the same time. Defendant's response to the remand motion also refers to orders entered by the Chief Judge of the Court of Appeals of Maryland, pursuant to emergency authority, tolling certain time periods, including statutes of limitations. Defense counsel also refers to standing orders of this court, extending certain deadlines.

The orders applicable in this court, however, explicitly did not extend any statute of limitations. All orders, beginning with

---

[1] The court order authorizing alternative service is not in the court file. It is the responsibility of the removing party to file all documents from state court.

Standing Order 2020-05, entered March 20, (00-mc-00308, ECF No. 97), and continuing with Standing Order 2020-07, entered on April 10, 2020, provide:

> ORDERED that this Order does not toll any applicable statute of limitations. Electronic filing through CM/ECF will remain available, and self-represented litigants may deposit and date-stamp papers in drop boxes at each courthouse between 9:00 a.m. and 4:00 p.m., Monday through Friday.

## II.  Standard of Review

The burden is always on the party asserting federal jurisdiction to prove its applicability.  In the removal context, the burden, thus, falls on the removing party, the defendant, to prove all prerequisites to proper removal, including timeliness. The court must "'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'"  *Stone Street Capital, Inc. v. McDonald's Corp.*, 300 F.Supp.2d 345, 346 (D.Md. 2003)(quoting *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 507 (E.D.Va. 1992)).

The statute, 28 U.S.C. § 1446(b)[2] provides that:

---

[2] The history of this provision was outlined in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351(1999). Originally, before 1948, removal could occur any time before expiration of the time to respond to the complaint under state law.  Congress enacted the first version of § 1446(b) in 1948, providing for removal within 20 days after commencement of the action or service of process, whichever is later.  The provision was amended in 1949 to the present language, and the time was extended to 30 days in 1965.

>The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service of otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

In *Stone Street*, this court found that a district court

>"simply does not have the authority to extend the removal period. *Grenchik v. Mandel*, 373 F.Supp 1298, 1299 (D.Md. 1973). Fed.R.Civ.P. 6(b) does not apply to filing times prescribed by statute. *United States v. Becton Dickinson & Co.*, 813 F.Supp. 410, 412 (D.Md. 1993). It is true that the timeliness of removal is an issue that must be raised within thirty days of the removal, or it is waived by Plaintiff. *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 846 (D.Md. 2001). That reality does not, however, provide the court with discretion to extend the statutory period. It simply means that, if the timeliness issue is not raised at the threshold of the litigation in federal court, it will not be available as a means to derail the case later.

*Stone Street*, 300 F.Supp.2d at 350-51.

The consensus on this point is noted in 14C Charles Alan Wright et al., Federal Practice & Procedure § 3731 (Rev. 4th ed. 2020):

>The two 30-day time limitations in Section 1446 are mandatory, even though several courts have ruled that they are not jurisdictional limitations and may be waived. Thus, these periods must be measured strictly applying the general computation principles set out in Federal Rule of Civil Procedure 6. Moreover, these statutory periods will not be extended by state court demurrers, motions to set aside service of process, pleas in abatement, stipulations,           trial        court-granted

4

continuances, or various other state-court orders. In some cases, however, the plaintiff's conduct has been held to extend the 30-day period under principles of waiver or estoppel.

## III. Analysis

Plaintiff states that Defendant was served on March 26, 2020, pursuant to court order when copies of the summons and complaint were mailed to several addresses. As noted above, Defendant states in the notice of removal that Defendant was served on April 2, 2020. It is not necessary to resolve that factual dispute because removal was untimely regardless of which date is correct: thirty days from the latter date fell on Saturday, May 2, 2020. Thus, the last day on which to file the notice of removal was the following Monday, May 4, 2020. Fed.R.Civ.P. 6. The notice of removal was not filed until May 6, at least two days late. If service was in fact effected earlier, then the notice of removal was even tardier.

Defendant does not contend that removal took place within the ordinary 30-day period. Instead, Defendant's memorandum points to two different sources of his mistaken belief that the time for removal extended beyond the initial 30 days: the purported agreement of Plaintiff to extend the time to answer and the various administrative orders of the state and federal courts due to the COVID-19 public health emergency. Neither circumstance served to extend the removal period.

Stipulations between parties do not, by themselves, extend the time. *Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F.Supp.2d 698, 705 (W.D.N.C. 2005). Only in fairly narrow and unique circumstances can the conduct of the opposing party create estoppel or waiver, and then only when it would be patently unfair to hold the defendant to a shorter period. For example, in *Staples v. Joseph Morton, Inc.*, 444 F.Supp. 1312 (E.D.N.Y. 1978), the plaintiff, who knew that the defendant intended to remove the action, advised the defendant, before the expiration of the time for removal, that it would be dismissed from the action. Subsequently, the plaintiff changed its mind about dismissal and did not dismiss the defendant. The defendant then removed the action. Estoppel was found to bar the plaintiff from complaining about the timeliness of removal. There are no similar circumstances here. This is a simple case of the parties agreeing to extend the time to respond in state court. Such an agreement does not extend the time for removal.

Furthermore, any extension of deadlines for state court actions by Chief Judge Barbera has no impact on the deadline for removal under federal law. And, the orders entered in this court explicitly did not affect statute of limitations filing deadlines.

## IV.  Conclusion

Defendant failed to remove this action within the applicable 30-day time limit and the case must be remanded to the Circuit Court for Calvert County.  A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
